

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

CASE NO:

JOSEE LANZI,

    Plaintiff,

vs.

YAMAHA MOTOR CORPORATION, USA,
YAMAHA MOTOR MANUFACTURING
CORPORATION OF AMERICA &
YAMAHA MOTOR CO., LTD.

    Defendants.
_____/

**COMPLAINT & JURY DEMAND**

Plaintiff, JOSEE LANZI (hereinafter, "Plaintiff"), hereby sues Defendants, YAMAHA MOTOR CORPORATION, USA (hereinafter, "YAMAHA USA"), YAMAHA MOTOR MANUFACTURING CORPORATION OF AMERICA ("YAMAHA AMERICA") and YAMAHA MOTOR CO., LTD. ("YAMAHA LTD") (hereinafter collectively referred to as "Defendants") for damages and alleges:

**JURISDICTION**

1. This is a products liability case for damages concerning Plaintiff's personal injury sustained on or about July 5, 2015 while operating a 2013 Waverunner FZS bearing hull identification number US-YAMA3043D313 (hereinafter, "Waverunner FZS") which was designed, manufactured, assembled, tested, sold and distributed into the stream of commerce by Defendants.

1



2. The amount in controversy far exceeds the Court's jurisdictional minimum of Seventy Five Thousand Dollars ($75,000.00) exclusive of court costs, interest and attorney fees.

3. Plaintiff is a citizen and resident of the State of Florida.

4. Defendant YAMAHA USA is a California company with its principal place of business located in the State of California.

5. Defendant YAMAHA AMERICA is a Georgia company with its principal place of business located in the State of Georgia.

6. Defendant YAMAHA LTD. is a Japanese company with its principal place of business located in Japan.

7. As the amount in controversy exceeds the jurisdictional minimum and the parties are completely diverse, this Court has diversity subject matter jurisdiction under 28 U.S.C. § 1332.

8. This Court has personal jurisdiction over Defendants under:

   a. Fla. Stat. § 48.193(1)(a)(6)(a) as they engaged in solicitation their products within Florida and, in fact, targeted Florida as a location to sale their products including Waverunners via commercials playing in Florida markets, print media targeted to Floridians and entered into authorization agreements with Florida companies to sale Waverunners within Florida and in fact has a "Find a Yamaha Dealer" locaters on its website which lists where Waverunners could be purchased in Florida. The subject Waverunner FZA was originally purchased from such an authorized Yamaha dealer.

   b. Fla. Stat. § 48.193(1)(a)(6)(b) as, although the faulty design and manufacture of the Waverunner FZS alleged herein was conducted outside Florida, they sold the

subject Waverunner FZS within Florida in the ordinary course of commerce and Plaintiff's injury for which is the subject of this civil action occurred within Florida.

9. Venue is proper under 28 U.S.C. § 1391(b)(2) as the subject incident giving rise to this civil action occurred on the waters of Pasco County and the property at issue, the 2013 Waverunner FZS, is located within the territorial jurisdiction of the Middle District of Florida.

## GENERAL ALLEGATIONS

10. Defendants either designed, assembled and/or manufactured and/or placed the Waverunner FZS into the stream of commerce.

11. Plaintiff was an ultimate purchaser of the Waverunner FZS.

12. The Waverunner FZS is prone to "buck" and serious injure its riders due to several design and/or manufacturing/assembly defects alleged more fully below.

13. Defendants knew the Waverunner FZS was defective but refused to recall, redesign or adequately warn the public of the bucking hazard.

14. While operating the Waverunner FZS in a manner for which it was intended on July 5, 2015, the Waverunner FZS bucked taking a sudden hard left turn ejecting Plaintiff causing her to land head first into the water. This incident caused C4 vertebra herniation requiring surgery and spinal cord damages impacting the function of her legs and hands. Despite the surgery, Plaintiff still experiences pain, swelling and reduced range of motion and a burning sensation in her hands associated with her injury. It is expected that Plaintiff will experience pain from the incident for the remainder of her life.

## COUNT I
## AGAINST YAMAHA USA
## STRICT LIABILITY (DEFECT IN DESIGN)

15. Plaintiff re-alleges and incorporated by reference all allegations contained in paragraphs 1 – 14 and further alleges:

16. At all material times, YAMAHA USA was in the business of selling and/or distributing personal watercrafts including the Waverunner FZS used by Plaintiff.

17. YAMAHA USA placed the Waverunner FZS into the stream of commerce which was ultimately sold in Florida.

18. The Waverunner FZS was unreasonably dangerous as designed manufactured to its users including Plaintiff.

19. The Waverunner FZS was defectively designed thereby making it unreasonably dangerous by:

    a. Failing to design the Waverunner FZS so that it would not buck operators off during the ordinary use of the product.

20. The defective design existed when the Waverunner FZS left YAMAHA USA's possession.

21. YAMAHA USA expected the Waverunner FZS to, and the Waverunner FZS did, reach users such as Plaintiff in the condition in which it was designed.

22. At the time of Plaintiff's injury, the Waverunner FZS was being used in the manner for which it was intended and/or in a manner that was reasonably foreseeable.

23. As a direct and proximate cause of all or some of the aforementioned design defects, Plaintiff suffered, and continues to suffer, severe personal injuries to her body and extremities, physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, medical expenses, other related expenses and lost earnings.

WHEREFORE, Plaintiff demands judgment in her favor for all compensatory damages, including costs and post judgment interest as well as all other damages recoverable under the law.

## COUNT II
## AGAINST YAMAHA USA
## STRICT LIABILITY – (DEFECT IN MANUFACTURE)

24. Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 – 14 and further alleges:

25. At all material times, YAMAHA USA was in the business of selling and/or distributing personal watercrafts including the Waverunner FZS used by Plaintiff.

26. YAMAHA USA placed the Waverunner FZS into the stream of commerce.

27. YAMAHA USA was the supplier of the Waverunner FZS.

28. The Waverunner FZS was defectively manufactured and/or assembled thereby making it unreasonably dangerous to its users, including Plaintiff, by:

   a. Failing to manufacture the Waverunner FZS so that it would not buck operators off during the ordinary use of the product; and/or

   a. Failing to take reasonable care during the design of the product, including the failure to carry out sufficiently careful research on the product's handling characteristics, before putting the Waverunner FZS into circulation.

29. The defective manufacture/assembly existed when the Waverunner FZS left YAMAHA USA's possession.

30. YAMAHA USA expected the Waverunner FZS to, and the Waverunner FZS did, reach users such as Plaintiff in the condition in which it was sold.

31. At the time of Plaintiff's injury, the Waverunner FZS was being used in the manner for which it was intended and/or in a manner that was reasonably foreseeable.

5

32. As a direct and proximate cause of all or some the aforementioned manufacture defects, Plaintiff suffered, and continues to suffer, severe personal injuries to her body and extremities, physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, medical expenses, other related expenses and lost earnings.

WHEREFORE, Plaintiff demands judgment in her favor for all compensatory damages, including costs and post judgment interest as well as all other damages recoverable under the law.

## COUNT III
## AGAINST YAMAHA USA
## STRICT LIABILITY – FAILURE TO WARN

33. Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 – 14 and further alleges:

34. YAMAHA USA sold and/or distributed the Waverunner FZS.

35. YAMAHA USA had a duty to provide an adequate warning to the Waverunner FZS' intended users, including Plaintiff, as to the operating characteristics of the Waverunner FZS and its potential risks associated with its use if the reasonably foreseeable use of the Waverunner FZS involves a substantial danger of which the manufacturer either is aware or should be aware and that would not be readily recognized by the ordinary user such as the bucking hazard.

36. The bucking problem is a substantial danger that is peculiar to this model and perhaps other models of Waverunner FZS that is not generally experienced with other personal watercrafts.

37. YAMAHA USA has reason to know that the Waverunner FZS was likely to be dangerous due to its propensity to buck when used in a manner intended through reasonable research, testing and investigation of like incidents wherein people were injured when bucked off other Waverunner FZS models and had no reason to believe that the intended users, including Plaintiff, would realize its dangerous condition.

38. Plaintiff was unaware of the defect nor could she have become aware as such defects could not be recognized by the ordinary user.

39. YAMAHA USA breached its legal duty as it failed to warn and/or adequately warn Plaintiff of the above alleged defects and/or bucking hazard associated with the Waverunner FZS.

40. As a direct and proximate cause of all or some the aforementioned manufacture defects, Plaintiff suffered, and continues to suffer, severe personal injuries to her body and extremities, physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, medical expenses, other related expenses and lost earnings.

WHEREFORE, Plaintiff demands judgment in her favor for all compensatory damages, including costs and post judgment interest as well as all other damages recoverable under the law.

## COUNT IV
## AGAINST YAMAHA USA
## NEGLIGENCE

41. Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 – 14 and further alleges:

42. YAMAHA USA has the duty to users of its Waverunner FZS, including Plaintiff, to exercise reasonable care in not selling and/or distributing a Waverunner FZS that is unreasonably dangerous whereby it is prone to buck off and injure riders who operate the watercraft in a manner that is ordinary and intended.

43. YAMAHA USA breached its duty to Plaintiff by:

    a. Selling and/or distributing the Waverunner FZS that is unreasonably dangerous in ways which include bucking riders off during the ordinary use of the product; and/or,

7

b. Failing to recall the product when the Waverunner FZS' bucking danger become apparent after the product has been put into circulation.

44. The above defects were known or should have been known to YAMAHA USA as others experienced and complained that the Waverunner FZS model bucked under normal and intended use.

45. As a direct and proximate cause of all or some the aforementioned design and/or manufacture defects, Plaintiff suffered, and continues to suffer, severe personal injuries to her body and extremities, physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, medical expenses, other related expenses and lost earnings.

WHEREFORE, Plaintiff demands judgment in her favor for all compensatory damages, including costs and post judgment interest as well as all other damages recoverable under the law.

## COUNT IV
## AGAINST YAMAHA AMERICA
## **STRICT LIABILITY – (DEFECT IN DESIGN)**

46. Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 – 14 and further alleges:

47. At all material times, YAMAHA AMERICA was in the business of designing, manufacturing, assembling and/or distributing personal watercrafts such as the Waverunner FZS used by Plaintiff.

48. YAMAHA AMERICA designed, manufactured, assembled, distributed, sold and/or placed the Waverunner into the stream of commerce.

49. YAMAHA AMERICA was the supplier of the Waverunner FZS.

50. The Waverunner FZS was defectively designed thereby making it unreasonably dangerous to its users, including Plaintiff, by YAMAHA AMERICA's:

 a. Failure to take reasonable care during the design of the product, including the failure to carry out sufficiently careful research on the product's handling characteristics, before putting the Waverunner FZS into circulation.

51. The defective manufacture/assembly existed when the Waverunner FZS left YAMAHA AMERICA's possession.

52. YAMAHA AMERICA expected the Waverunner FZS to, and the Waverunner FZS did, reach users such as Plaintiff in the condition in which it was sold.

53. At the time of Plaintiff's injury, the Waverunner FZS was being used in the manner for which it was intended and/or in a manner that was reasonably foreseeable.

54. As a direct and proximate cause of all or some the aforementioned manufacture defects, Plaintiff suffered, and continues to suffer, severe personal injuries to her body and extremities, physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, medical expenses, other related expenses and lost earnings.

WHEREFORE, Plaintiff demands judgment in her favor for all compensatory damages, including costs and post judgment interest as well as all other damages recoverable under the law.

## COUNT V
## AGAINST YAMAHA AMERICA
## STRICT LIABILITY – (DEFECT IN MANUFACTURE)

55. Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 – 14 and further alleges:

56. At all material times, YAMAHA AMERICA was in the business of designing, manufacturing, assembling and/or distributing personal watercrafts such as the Waverunner FZS used by Plaintiff.

57. YAMAHA AMERICA designed, manufactured, assembled, distributed and/or placed the Waverunner FZS into the stream of commerce.

58. YAMAHA AMERICA was the supplier of the Waverunner FZS.

59. The Waverunner FZS was defectively manufactured and/or assembled thereby making it unreasonably dangerous to its users, including Plaintiff, by YAMAHA AMERICA's:

   a. Failing to manufacture the Waverunner FZS so that it would not buck operators off during the ordinary use of the product;.

60. The defective manufacture/assembly existed when the Waverunner FZS left YAMAHA AMERICA's possession.

61. YAMAHA AMERICA expected the Waverunner FZS to, and the Waverunner FZS did, reach users such as Plaintiff in the condition in which it was sold.

62. At the time of Plaintiff's injury, the Waverunner FZS was being used in the manner for which it was intended and/or in a manner that was reasonably foreseeable.

63. As a direct and proximate cause of all or some the aforementioned manufacture defects, Plaintiff suffered, and continues to suffer, severe personal injuries to her body and extremities, physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, medical expenses, other related expenses and lost earnings.

WHEREFORE, Plaintiff demands judgment in her favor for all compensatory damages, including costs and post judgment interest as well as all other damages recoverable under the law.

### COUNT VI
### AGAINST YAMAHA AMERICA
### STRICT LIABILITY – FAILURE TO WARN

64. Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 – 14 and further alleges:

65. YAMAHA AMERICA designed, manufactured, assembled, sold and/or distributed the Waverunner FZS.

66. YAMAHA AMERICA had a duty to provide an adequate warning to the Waverunner FZS' intended users, including Plaintiff, as to the operating characteristics of the Waverunner FZS and its potential risks associated with its use if the reasonably foreseeable use of the Waverunner FZS involves a substantial danger of which the manufacturer either is aware or should be aware and that would not be readily recognized by the ordinary user such as the bucking hazard.

67. The bucking problem is a substantial danger that is peculiar to this model and perhaps other models of Waverunner FZS that is not generally experienced with other personal watercrafts.

68. YAMAHA AMERICA has reason to know that the Waverunner FZS was likely to be dangerous due to its propensity to buck when used in a manner intended through reasonable research, testing and investigation of like incidents wherein people were injured when bucked off other Waverunner FZS models and had no reason to believe that the intended users, including Plaintiff, would realize its dangerous condition.

69. YAMAHA AMERICA had a duty to provide an adequate warning to its users, including Plaintiff, on how to use the Waverunner FZS and/or potential risks associated with the use of the Waverunner FZS if the reasonably foreseeable use of the Waverunner FZS involves a substantial danger of which the manufacturer either is aware or should be aware, and that would not be readily recognized by the ordinary user.

70. Plaintiff was unaware of the defect nor could she have become aware as such defects could not be recognized by the ordinary user.

71. YAMAHA AMERICA breached its legal duty as if failed to warn and/or adequately warn Plaintiff of the above alleged defects and/or bucking hazard associated with the Waverunner FZS.

72. As a direct and proximate cause of all or some the aforementioned manufacture defects, Plaintiff suffered, and continues to suffer, severe personal injuries to her body and extremities, physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, medical expenses, other related expenses and lost earnings.

WHEREFORE, Plaintiff demands judgment in her favor for all compensatory damages, including costs and post judgment interest as well as all other damages recoverable under the law.

## COUNT VII
## AGAINST YAMAHA AMERICA
## NEGLIGENCE

73. Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 – 14 and further alleges:

74. YAMAHA AMERICA has the duty to users of its Waverunner FZS, including Plaintiff, to exercise reasonable care in the design and manufacture/assembly of its Waverunner FZS so that they would not be bucked off and injured during the ordinary and intended use of the Waverunner FZS.

75. YAMAHA AMERICA breached its duty to Plaintiff by:

   a. Selling and/or distributing the Waverunner FZS that is unreasonably dangerous in ways which include bucking riders off during the ordinary use of the product;

   b. Failing to take reasonable care during the design of the product, including the failure to carry out sufficiently careful research on the product's handling characteristics, before putting the Waverunner FZS into circulation; and/or

   c. Failing to recall the product when the Waverunner FZS' bucking danger become apparent after the product has been put into circulation.

76. The design and/or manufacture defect was known or should have been known to YAMAHA AMERICA as others experienced and complained that the Waverunner FZS model bucked under normal use.

77. As a direct and proximate cause of all or some the aforementioned design and/or manufacture defects, Plaintiff suffered, and continues to suffer, severe personal injuries to her body and extremities, physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, medical expenses, other related expenses and lost earnings.

WHEREFORE, Plaintiff demands judgment in her favor for all compensatory damages, including costs and post judgment interest as well as all other damages recoverable under the law.

### COUNT VIII
### AGAINST YAMAHA LTD.
### **STRICT LIABILITY – (DEFECT IN DESIGN)**

78. Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 – 14 and further alleges:

79. At all material times, YAMAHA LTD. was in the business of designing, manufacturing, assembling, selling and/or distributing personal watercrafts such as the Waverunner FZS used by Plaintiff.

80. YAMAHA LTD. designed, manufactured, assembled, distributed and/or placed the Waverunner FZS into the stream of commerce.

81. YAMAHA LTD. was the supplier of the Waverunner FZS.

82. The Waverunner FZS was defectively designed thereby making it unreasonably dangerous to its users, including Plaintiff, by YAMAHA LTD's:

a. Failure to take reasonable care during the design of the product, including the failure to carry out sufficiently careful research on the product's handling characteristics, before putting the Waverunner FZS into circulation.

83. The defective manufacture/assembly existed when the Waverunner FZS left YAMAHA LTD's possession.

84. YAMAHA LTD. expected the Waverunner FZS to, and the Waverunner FZS did, reach users such as Plaintiff in the condition in which it was sold.

85. At the time of Plaintiff's injury, the Waverunner FZS was being used in the manner for which it was intended and/or in a manner that was reasonably foreseeable.

86. As a direct and proximate cause of all or some the aforementioned manufacture defects, Plaintiff suffered, and continues to suffer, severe personal injuries to her body and extremities, physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, medical expenses, other related expenses and lost earnings.

WHEREFORE, Plaintiff demands judgment in her favor for all compensatory damages, including costs and post judgment interest as well as all other damages recoverable under the law.

## COUNT IX
## AGAINST YAMAHA AMERICA
## STRICT LIABILITY – (DEFECT IN MANUFACTURE)

87. Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 – 14 and further alleges:

88. At all material times, YAMAHA AMERICA was in the business of designing, manufacturing, assembling, selling and/or distributing personal watercrafts such as the Waverunner FZS used by Plaintiff.

89. YAMAHA AMERICA designed, manufactured, assembled, distributed and/or placed the Waverunner FZS into the stream of commerce.

90. YAMAHA AMERICA was the supplier of the Waverunner FZS.

91. The Waverunner FZS was defectively manufactured and/or assembled thereby making it unreasonably dangerous to its users, including Plaintiff, by:

   a. Failing to manufacture the Waverunner FZS so that it would not buck operators off during the ordinary use of the product.

92. The defective manufacture/assembly existed when the Waverunner FZS left YAMAHA AMERICA's possession.

93. YAMAHA AMERICA expected the Waverunner FZS to, and the Waverunner FZS did, reach users such as Plaintiff in the condition in which it was sold.

94. At the time of Plaintiff's injury, the Waverunner FZS was being used in the manner for which it was intended and/or in a manner that was reasonably foreseeable.

95. As a direct and proximate cause of all or some the aforementioned manufacture defects, Plaintiff suffered, and continues to suffer, severe personal injuries to her body and extremities, physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, medical expenses, other related expenses and lost earnings.

WHEREFORE, Plaintiff demands judgment in her favor for all compensatory damages, including costs and post judgment interest as well as all other damages recoverable under the law.

## COUNT X
## AGAINST YAMAHA LTD.
## STRICT LIABILITY – FAILURE TO WARN

96. Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 – 14 and further alleges:

97. YAMAHA LTD. designed, manufactured, assembled, sold and/or distributed the Waverunner FZS.

98. YAMAHA LTD had a duty to provide an adequate warning to the Waverunner FZS' intended users, including Plaintiff, as to the operating characteristics of the Waverunner FZS and its potential risks associated with its use if the reasonably foreseeable use of the Waverunner FZS involves a substantial danger of which the manufacturer either is aware or should be aware and that would not be readily recognized by the ordinary user such as the bucking hazard.

99. The bucking problem is a substantial danger that is peculiar to this model and perhaps other models of Waverunner FZS that is not generally experienced with other personal watercrafts.

100. YAMAHA LTD. has reason to know that the Waverunner FZS was likely to be dangerous due to its propensity to buck when used in a manner intended through reasonable research, testing and investigation of like incidents wherein people were injured when bucked off other Waverunner FZS models and had no reason to believe that the intended users, including Plaintiff, would realize its dangerous condition.

101. Plaintiff was unaware of the defect nor could she have become aware as such defects could not be recognized by the ordinary user.

102. YAMAHA LTD. breached its legal duty as if failed to warn and/or adequately warn Plaintiff of the above alleged defects and/or bucking hazard associated with the Waverunner FZS.

103. As a direct and proximate cause of all or some the aforementioned manufacture defects, Plaintiff suffered, and continues to suffer, severe personal injuries to her body and extremities, physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, medical expenses, other related expenses and lost earnings.

WHEREFORE, Plaintiff demands judgment in her favor for all compensatory damages, including costs and post judgment interest as well as all other damages recoverable under the law.

## COUNT XI
## AGAINST YAMAHA LTD.
## NEGLIGENCE

104. Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1 – 14 and further alleges:

105. YAMAHA LTD. has the duty to users of its Waverunner FZS, including Plaintiff, to exercise reasonable care in the design and manufacture of its Waverunner FZS so that they would not be bucked off and injured during the ordinary and intended use of the Waverunner FZS.

106. YAMAHA LTD. breached its duty to Plaintiff by:

   a. Failing to take reasonable care during the design of the product, including the failure to carry out sufficiently careful research on the product's handling characteristics, before putting the Waverunner FZS into circulation;

   b. Selling and/or distributing the Waverunner FZS that is unreasonably dangerous in ways which include bucking riders off during the ordinary use of the product; and/or,

   c. Failing to recall the product when the Waverunner FZS' bucking danger become apparent after the product has been put into circulation.

107. The design and/or manufacture defect was known or should have been known to YAMAHA LTD. as others experienced and complained that the Waverunner FZS model bucked under normal use.

108.    As a direct and proximate cause of all or some the aforementioned design and/or manufacture defects, Plaintiff suffered, and continues to suffer, severe personal injuries to her body and extremities, physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, medical expenses, other related expenses and lost earnings.

WHEREFORE, Plaintiff demands judgment in her favor for all compensatory damages, including costs and post judgment interest as well as all other damages recoverable under the law.

### DEMAND FOR JURY TRIAL

Plaintiff demand trial by jury on all issues so triable.

DATED: August 11, 2017.

>**BRAIS BRAIS RUSAK**
>*Attorneys for Plaintiff*
>Dadeland Towers
>9300 S. Dadeland Blvd.
>Suite 101
>Miami, Florida 33156
>Telephone: (305) 416-2901
>Facsimile: (305) 416-2902
>
>By: */s/ RICHARD D. RUSAK*
>RICHARD D. RUSAK
>Florida Bar No.: 0614181
>KEITH S. BRAIS
>Florida Bar No.: 0863319